PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| CLYDE PONTEFRACT, | ) | |
|---|---|---|
| | ) | CASE NO. 4:19CV0528 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

*Pro Se* Plaintiff Clyde Pontefract is a federal prisoner at the Federal Correctional Institution Elkton ("FCI Elkton") in Lisbon, Ohio. He brings this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against the United States of America, Warden Steven Merlak, and Nick Ferguson (collectively "Defendants"). Complaint (ECF No. 1). Plaintiff claims that Defendants are deliberately indifferent to his basic nutritional needs in violation of his rights under the Eighth Amendment of the United States Constitution to be free from cruel and unusual punishment.

For the reasons that follow, this case is dismissed.

## I. Background

Plaintiff alleges that he is 59 years old, 5'11" in height, and weighs 160 pounds or less. ECF No. 1 at ¶¶ 34-36. He claims that he is receiving insufficient portion sizes at meal time which prevents him from acquiring enough calories "to maintain proper weight and health over three years at below calorie intake of 2000."[1] ECF No. 1 at PageID #: 14. Plaintiff claims that

---

[1] For *Bivens* claims arising in Ohio, the statute of limitations is two years. *See*

(continued...)

(4:19CV0528)

he must be cautious with respect to exercise to avoid burning excessive calories. ECF No. 1 at ¶ 66. But, Plaintiff does not allege what he believes to be a "proper weight" or that he is underweight.[2] Nor does Plaintiff allege that his weight or reduced exercise has had a negative impact on his health.

Plaintiff claims that receiving insufficient portion sizes at meal time results from the "one size fits all" portions served at FCI Elkton, Defendants not allowing a "Hot-Bar" at the institution, a food serving tray that is too small, and food service workers stealing food to sell to the inmate population. ECF No. 1 at ¶¶ 19, 25; PageID #: 15.

Plaintiff extensively cites menu items, required portions, and the reduced portions he claims to be receiving. He filed numerous internal complaints and grievances to which the Warden responded that proper portion sizes were being served that meet the nutritional requirements established by a registered dietician. Unsatisfied, Plaintiff suggested that the issue

---

[1](...continued)
*Sinkfield v. United States Marshals Serv.*, No. 1:19CV00392, 2019 WL 4991644, at *2 n.8 (N.D. Ohio Oct. 7, 2019) (Pearson, J.) (citations omitted). To the extent that Plaintiff is alleging a *Bivens* claim beyond the two-year statute of limitations for doing so, those claims are time-barred and dismissed.

[2] As an aside, according to the U.S. Department of Health and Human Services ("HHS"), a body mass index ("BMI") of less than 18.5 indicates that an individual is underweight, and a BMI of 25 or more indicates that an individual is overweight. An individual's weight is considered normal in a BMI range of 18.5 - 24.9. *See* https://www.nhlbi.nih.gov/health/educational/lose_wt/BMI/bmicalc.htm. According to the BMI calculator found at the HHS website, an individual with a height of 71" and weight of 160 pounds has a BMI of 22.3. An individual of the same height and a weight of 150 pounds has a BMI of 20.9. While this information is not dispositive of the Court's ruling herein, the Court notes that it may take judicial notice of undisputed information on a government website and may consider such information when determining whether a claim must be dismissed for failure to state a claim. *See Roberts v. Morvac*, No. 6:18-CV-196-GFVT, 2018 WL 6004666, at *2 n. 2 (E.D. Ky. Nov. 15, 2018) (citations omitted).

(4:19CV0528)

be settled by weighing 10 separate items to determine "who is right and who is wrong" but that was not permitted. ECF No. 1 at ¶¶ 57-62.

Plaintiff asks the Court (among other actions) to: declare Defendants have violated his rights under federal health and safety laws and the Constitution's prohibition against cruel and unusual punishment; require Defendants to install a "Hot-Bar"; require larger food trays to allow for increased portion sizes; discontinue the "one size fits all" practice with respect to food portion sizes; and, award him $200,000 in punitive damages. See ECF No. 1 at ¶¶ 67-73.

## II. Standard of Review

*Pro se* pleadings are liberally construed by the Court. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Notwithstanding, the district court is required under 28 U.S.C. § 1915(e)(2)(B) to review all *in forma pauperis* complaints, and to dismiss before service any such complaint that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). While some latitude must be extended to *pro se* plaintiffs with respect to their pleadings, the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. See *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Thomas v. Brennan*, No. 1:18CV1312, 2018 WL 3135939, at *1 (N.D. Ohio June 26, 2018) (Gaughan, C.J.) (citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985) and *Erwin v. Edwards*, 22 F. App'x. 579, 580 (6th Cir. 2001)).

In order to withstand scrutiny under § 1915(e)(2)(B) and § 1915A, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

3

(4:19CV0528)

face.'" *Hill*, 630 F.3d at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals for failure to state a claim under § 1915(e)(2)(B) and § 1915A) (quoting *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 570)). Thus, a complaint fails to state a claim on which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 471.

### III. Analysis

Before discussing the merits of Plaintiff's claim, the Court must determine whether that claim states a *Bivens* cause of action. *Bivens* provides a cause of action against individual officers acting under color of federal law alleged to have acted unconstitutionally. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70 (2001). It does not support an action against the United States government or its agencies. *Id.* Accordingly, Plaintiff fails to state a cause of action against the United States of America.

In order to state a plausible *Bivens* claim against Merlak and Ferguson, Plaintiff must allege facts suggesting Merlak and Ferguson were personally involved in the claimed deprivation of his constitutional rights. *See Nwaebo v. Hawk-Sawyer*, 83 F. App'x. 85, 86 (6th Cir. 2003) (citing *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)). Plaintiff alleges that Warden Merlak was "legally responsible for the overall operation of every department within [FCI Elkton.]" *See* ECF No. 1 at ¶¶ 7, 64. Similarly, Plaintiff asserts that Ferguson, as the Food Administrator, is legally responsible for the operation of the food service department at FCI Elkton. ECF No. 1 at ¶¶ 8, 64. But, Plaintiff does not claim that any conduct was personally undertaken by either Merlak or Ferguson that allegedly violated his rights under the Eighth Amendment. Neither Merlak nor

4

(4:19CV0528)

Ferguson can be liable under *Bivens* on a theory of *respondeat superior*. See *Johnson v. U.S. Bureau of Prison*, No. 4:12CV2802, 2013 WL 1819227, at *4 (N.D. Ohio April 29, 2013) (Pearson, J.) (citing *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003)); *Jones v. City of Memphis, Tenn.*, 586 F.2d 622, 625 (6th Cir. 1978) ("the theory of [r]espondeat superior [is] fundamentally inconsistent with the import of *Bivens*" (quotation marks and citation omitted)). Accordingly, Plaintiff fails to state a plausible claim for relief against Merlak and Ferguson, and they must be dismissed from this action.

Even if Plaintiff were able to allege conduct personally undertaken by Merlak or Ferguson with respect to his claim of inadequate nutrition, his claim would nevertheless be subject to dismissal. The United States Supreme Court has made it clear that federal courts should refrain from extending a *Bivens* remedy outside of the three specific contexts in which it has already been applied, absent the presence of special factors which are not present here. See *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017). The Constitution does not directly provide for a damages remedy for alleged constitutional violations. While Congress provided a damages remedy for plaintiffs whose constitutional rights were violated by state officials through 42 U.S.C. § 1983, they did not provide such an expansive corresponding remedy for constitutional violations by federal officials. But in *Bivens*, the Supreme Court recognized an implied damages action to compensate persons injured by federal officers who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. Since then, the Court allowed a *Bivens* remedy only in two other contexts: (1) in a Fifth Amendment gender-discrimination case, *Davis v. Passman*, 442 U.S. 228 (1979), and (2) in an Eighth Amendment cruel and unusual punishment clause case, *Carlson v. Green*, 446 U.S. 14 (1980). Beyond these three contexts, the

5

(4:19CV0528)

Supreme Court has not approved of an implied damages remedy under the Constitution itself. *Ziglar*, 137 S. Ct. at 1855.

In *Carlson*, the Supreme Court permitted a *Bivens* action arising under the Eighth Amendment for deliberate indifference to a federal prisoner's serious medical needs in failing to treat the prisoner's asthma. Here, Plaintiff asserts an Eighth Amendment cruel and unusual punishment claim related to adequate nutrition. Plaintiff claims he is only receiving approximately 2000 calories per day, is hungry after meals, and his weight is 160 pounds or less. Plaintiff does not allege, however, that he is medically underweight for his height or that meals consisting of approximately 2000 calories per day have resulted in a serious medical need to which Defendants are deliberately indifferent.

The Supreme Court has not extended a *Bivens* remedy under the Eighth Amendment in the context that Plaintiff asserts here and this Court declines to do so. *Ziglar*, 137 S. Ct. at 1859-60 (when a different constitutional right is at issue from previous *Bivens* cases decided by the Supreme Court, then the context is new). Indeed, another court considering an Eighth Amendment *Bivens* claim concerning adequate nutrition also determined that such a claim represents a "new context" and declined to extend a *Bivens* remedy. *Lovett v. Ruda*, No. 17-CV-02010-PAB-KLM, 2018 WL 4659111, at *8 (D. Colo. Sept. 28, 2018) ("[T]he Court finds that the magistrate judge correctly applied *Ziglar*, 137 S. Ct. at 1854, in finding that plaintiff's Eighth Amendment claim based on the deprivation of adequate nutrition constitutes a 'new context' for purposes of determining whether to imply a *Bivens* remedy."), *appeal dism'd*, No. 18-1413, 2018 WL 8058575 (10th Cir. Dec. 11, 2018); *see also Hanson v. United States*, No. 18-17-DLB, 2018 WL 5046067, at *2 (E.D. Ky. Oct. 17, 2018) (citing *Carlson, supra*;

(4:19CV0528)

*Ziglar, supra*) (dismissing and declining to extend *Bivens* when plaintiff alleged an Eighth Amendment violation related to prison bathroom access), *appeal dism'd*, No. 18-6173, 2018 WL 7220935 (6th Cir. Dec. 28, 2018); *Pauley on behalf of Asatru/Odinist Faith Cmty. v. Samuels*, No. 1:15-CV-158, 2019 WL 4600195, at *10 (W.D. Pa. Sept. 23, 2019) (citing *Karkalas v. Marks*, No. 19-948, 2019 WL 3492232, at *7 (E.D. Pa. July 31, 2019); *Hanson*, 2018 WL 5046067, at *3) (*Bivens* claim at issue in *Carlson* was based on an alleged violation of the Eighth Amendment for failure to provide adequate medical care, not conditions of confinement).

Because Plaintiff has failed to state a cognizable *Bivens* claim, this action must be dismissed.

### IV.  Conclusion

For all of the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.


    IT IS SO ORDERED.


 December 23, 2019                        /s/ Benita Y. Pearson
 Date                                     Benita Y. Pearson
                                          United States District Judge